**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOAN P. BRENTON | : | Civil Action-Law |
| 11 Nuangola Avenue | : | |
| Mountaintop, PA 18707, | : | |
| | : | |
| Plaintiff | : | Jury Trial Demanded |
| | : | |
| vs. | : | (Electronically Filed) |
| | : | |
| F.M. KIRBY CENTER FOR THE | : | |
| PERFORMING ARTS | : | Case No: |
| 71 Public Square | : | |
| Wilkes-Barre PA 18701, | : | |
| | : | |
| Defendant | : | |

## COMPLAINT

Plaintiff, Joan P. Brenton, by and through her attorneys, Koff, Mangan, Vullo & Gartley, P.C., hereby files the within Complaint against the Defendant, F.M. Kirby Center for the Performing Arts, and respectfully avers as follows:

## INTRODUCTION

1.      Plaintiff has initiated this action to seek redress against Defendant, her former employer, for unlawful retaliation, discrimination and breach of fiduciary duties in violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA").

## JURISDICTION AND VENUE

2.      This action is authorized, founded upon, and arises under the provisions of federal law, particularly the Employee Retirement Income Security Act, 29 U.S.C. § 1001

et seq.  The jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 1132.

3.      Venue for this action properly lies within the Middle District of Pennsylvania because the facts and occurrences, acts and/or omissions, and incidents and/or actions alleged herein took place within the Middle District of Pennsylvania.

## PARTIES

4.      Plaintiff, Joan P. Brenton, ("Brenton") is a competent adult individual residing at 11 Nuangola Avenue, Mountaintop, PA 18707.

5.      Defendant, F.M. Kirby Center for the Performing Arts ("the Kirby") is a non-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 71 Public Square, Wilkes-Barre, PA 18701.

6.      At all times material hereto, the Kirby acted by and through its agents and employees, all of whom acted in the course and scope of their employment or agency with and for the Kirby.

## FACTS

7.      Brenton incorporates herein by reference the averments of Paragraphs 1 through 6, inclusive of this Complaint.

8.      Brenton worked for the Kirby for approximately nine (9) years, beginning in 2007 and ending on July 1, 2016.

9.      Brenton was employed with the Kirby as the Director of Membership and Corporate Giving, reporting to the Director of Development.

10.     At all times material hereto, the Kirby maintained an employee retirement plan identified as the F.M. Kirby Center for the Performing Arts 403(b) Plan ("the 403(b) Plan"), which is an employee benefit plan covered by ERISA.

11.     At all times material hereto, the Kirby was the Plan Sponsor and Plan Administrator of the 403(b) Plan and retained Employee Fiduciary, LLC ("Employee Fiduciary") to provide administrative services to the 403(b) Plan and Berkshire Asset Management to provide financial services related to the Plan.

12.     At all times material hereto, Brenton was a participant in the 403(b) Plan and elected to reduce her compensation and have contributions made to a 403(b) account in accordance with that Plan.

13.     It is believed, and therefore averred that, at all times material hereto, the Kirby was the named fiduciary of the 403(b) Plan, and was at a minimum, a "fiduciary" of the 403(b) Plan as that term is defined in ERISA.

14.     On October 30, 2015, the Kirby, through one of its employees, indicated to Brenton that monies owed to a former employee of the Kirby had been mistakenly deposited into Brenton's 403(b) account and that those errors had to be corrected.  At the time of this communication, Brenton replied that she wanted to review her records and did not want any monies transferred out of her account until she had an opportunity to conduct that review.

15.     Despite the discussion referenced in Paragraph 14 above, later in the day on October 30, 2015, and without Brenton's authorization, the Kirby directed that in excess of $24,000 be transferred out of Brenton's 403(b) account and said funds were transferred out of the account.

16.     On November 5, 2015, Brenton sent a memorandum to the Executive Director of the Kirby inquiring about the substantial amount of money that had been transferred out of her 403(b) account, indicating that if the Kirby had made errors with her account, she was willing to work with the Kirby on the appropriate correction, but also asking for information, including an accounting, directed to ensuring that (a) all of her contributions remained in her account and (b) she would not be assessed any penalties as a result of the recent withdrawal from her account.  Brenton also requested a copy of the 403(b) Plan documents.

17.     Thereafter, Brenton, along with her accountant, worked with the Kirby and its agents, Employee Fiduciary and Berkshire Asset Management, who were assisting the Kirby with determining whether Brenton's account included the correct amount of funds given the October 2015 transfer of substantial sums out of her account.

18.     As part of this inquiry, the Kirby, through its agents and representatives, requested Brenton to provide information related to her account, and she did so.

19.     On May 5, 2016, Brenton and her accountant had a meeting with the Kirby's Executive Director and a representative of Berkshire Asset Management concerning the Kirby's handling of Brenton's 403(b) account. At this meeting, in addition to the questions involving whether the proper amounts had been deposited to and remained in Brenton's

account, Brenton and her accountant raised the fact that in the past, the Kirby had frequently been late with making contributions to Brenton's account after deducting amounts from her pay, which is a violation of ERISA regulations, and that Brenton was likely owed interest on the late payments.

20.    Immediately following the May 5, 2016 meeting, Brenton, Brenton's accountant, the Kirby's Executive Director and Berkshire Asset Management's representative held a conference call with representatives of Employee Fiduciary related to transactions involving Brenton's account. During this call, Employee Fiduciary stated that Brenton's account was "understated" by over $800.00, meaning that there were Brenton contributions and/or earnings that either were improperly transferred out of her account or that were never deposited into her account, and that the Kirby therefore owed money to Brenton's account.

21.    On May 13, 2016, only eight days after the May 5, 2016 meeting and conference call, Brenton was called to a meeting with the Kirby's Executive Director, who told her that the Kirby was eliminating her job and that of another employee in the Development Department, and creating a new position for which the Kirby would be accepting outside applicants, but for which Brenton was allowed to apply.

22.    The Executive Director claimed that the reason for eliminating Brenton's job was because the Kirby had hired a New Director of Development at a salary higher than the Kirby's budget would allow.

23.    On May 18, 2016, Brenton emailed the Executive Director and suggested that, given her consistency in meeting fundraising goals and deadlines for the Kirby,

Brenton could raise the additional money to cover the increased expenses associated with the hire of the New Director of Development so that Brenton's job would not have to be eliminated.  The Kirby did not respond to this offer.

24.     Brenton subsequently learned that the "new" Membership and Corporate Sponsorship Manager Position included most of the duties of her current position.

25.     Brenton met the qualifications for the "new" Membership and Corporate Sponsorship Manager Position, and applied for it on June 1, 2016.

26.     One month later, on June 30, 2016, the Kirby's Executive Director advised Brenton that the Kirby offered the "new" position to someone outside of the Kirby, that the person had accepted the offer and that the next day would be Brenton's last day of employment.

27.     During the Kirby's several-week process of replacing Brenton with a new employee, Brenton remained in her position with the Kirby and endured approximately six weeks of humiliation and embarrassment over having her position eliminated.

28.     Prior to Brenton's termination by the Kirby, Brenton performed her job very well and had no disciplinary problems.

29.     The Kirby did not provide Brenton with a copy of the requested Plan documents until over two (2) months after she requested them and failed to provide the requested accounting of Brenton's account in a timely manner as required by ERISA.

30.     As a result of Defendant's conduct as aforesaid, Brenton has sustained injury and incurred damages in the form of lost wages, loss of employment opportunities,

lost benefits, damage to reputation, physical illness, depression, anxiety, humiliation, embarrassment, inconvenience and emotional distress.

31.     As a result of Defendant's conduct as aforesaid, Brenton has also incurred accountant fees and attorneys' fees and costs.

## COUNT I

## VIOLATIONS OF ERISA  - RETALIATION AND DISCRIMINATION

32.     Brenton incorporates herein by reference paragraphs 1 through 31 of this Complaint as though fully set forth at length herein.

32.     Subsequent to the Kirby's unauthorized transfer of monies out of her account, Brenton exercised her rights under the 403(b) Plan and ERISA by seeking information, including an accounting, to determine whether the proper amount of her funds remained in her account and to ensure that she would not be penalized by the withdrawal caused by the Kirby's errors.

33.     Under Section 510 of ERISA, 29 U.S.C. § 1140, it is unlawful for any person to discharge or discriminate against a Participant for exercising any right to which she is entitled under the provisions of an employee benefit plan or under ERISA.

34.     At all times material hereto, the Kirby was a "person" within the meaning of Section 510 of ERISA.

35.     Under Section 510 of ERISA, it is also unlawful for any person to discharge or discriminate against any person because she has given information in any inquiry or proceeding relating to ERISA.

36.   The Kirby conducted an inquiry after discovering that it had improperly deposited another Participant's earnings into Brenton's 403(b) account, and in the course of that inquiry, Brenton was requested to and provided information to the Kirby's representatives.

37.   Upon information and belief, a motivating factor in the Kirby's elimination of Brenton's position and the Kirby's refusal to hire her for the "new" position was the fact that she had exercised her rights under ERISA and the Plan as aforesaid and that she had provided information during the Kirby's inquiry into its errors.

38.   The Kirby's claimed reason for eliminating Brenton's position was a pretext for unlawful retaliation and discrimination.

39.   In terminating Brenton for engaging in the aforesaid protected activity, the Kirby retaliated and discriminated against Brenton in violation of ERISA, Section 510, causing damage and injuries to Brenton as set forth above.

**WHEREFORE,** Plaintiff, Joan P. Brenton, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, F.M. Kirby Center for the Performing Arts, and enter an Order providing:

(a)   that Defendant institute and carry out an effective policy against unlawful retaliation and discrimination for asserting protected rights;

(b)   that Defendant compensate Plaintiff and make her whole for all past and future lost earnings and benefits, together with pre-judgment interest, in an amount to be proved at trial;

(c)     that Defendant pay Plaintiff liquidated damages and/or other statutory damages as permitted by any of her claims herein, in an amount believed by the Court or trier of fact to be appropriate;

(d)     that Brenton be accorded any and all other equitable damages and legal relief as the Court deems just, proper and appropriate, including but not limited to, damages for emotional distress and other injury; and

(e)     that Brenton be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

## COUNT II

## VIOLATIONS OF ERISA – BREACH OF FIDUCIARY DUTY

40.     Brenton incorporates herein by reference paragraphs 1 through 39 of this Complaint as though fully set forth at length herein.

41.     Under Section 404 of ERISA, 29 U.S.C. § 1104, a fiduciary must discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and (a) with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims and (b) in accordance with the documents and instruments governing the plan.

42.     Defendant breached its fiduciary duties under ERISA, including but not limited to, as follows:

(a)     by depositing another participant's monies into Brenton's 403(b) account;

(b)     by transferring monies out of Brenton's account without providing Brenton with an appropriate explanation or accounting and without her authorization;

(c)     by failing to provide a prompt accounting and requested information after transferring the monies out of Brenton's account; and

(d)     by terminating Brenton because she exercised her rights under the 403(b) Plan and ERISA and/or because of her inquiries, opposition and/or complaints about ERISA violations after Defendant engaged in unlawful actions related to her 403(b) account.

43.     As a result of Defendant's unlawful conduct, Brenton has sustained injury and incurred damages, as set forth above.

**WHEREFORE,** Plaintiff, Joan P. Brenton, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, F.M. Kirby Center for the Performing Arts, and enter an Order providing:

(a)     that Defendant institute and carry out an effective policy to ensure that it properly discharges its fiduciary obligations under ERISA related to its 403(b) Plan;

(a)     that Defendant compensate Plaintiff and make her whole for all past and future lost earnings and benefits, together with pre-judgment interest, in an amount to be proved at trial;

(b)     that Defendant pay Plaintiff liquidated damages and/or other statutory damages as permitted by any of her claims herein, in an amount believed by the Court or trier of fact to be appropriate;

(c)     that Brenton be accorded any and all other equitable damages and legal relief as the Court deems just, proper and appropriate, including but not limited to, damages for emotional distress and other injury; and

(d)     that Brenton be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

### Jury Trial Demanded

Plaintiff, Joan P. Brenton, requests a trial by jury of each issue triable of right by jury.

Respectfully submitted,

KOFF, MANGAN, VULLO, & GARTLEY P.C.

/s/     Cynthia R. Vullo
Cynthia R. Vullo, Esquire
Atty. I.D. No. 45720
cvullo@kmvglaw.com
179 South Wyoming Ave.
Kingston, PA 18704
(570) 718-1700
(570) 718-1701 (fax)

Attorneys for Plaintiff, Joan P. Brenton