IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOAN P. BRENTON, | : | NO. 3:17-CV-00089 |
| Plaintiff | : | |
| | : | CIVIL ACTION – LAW |
| V. | : | |
| | : | JURY TRIAL DEMANDED |
| F.M. KIRBY CENTER FOR THE | : | |
| PERFORMING ARTS, | : | |
| Defendants | : | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

AND NOW, comes Defendant, F.M. Kirby Center for the Performing Arts, ("Defendant" or "Center") by and through its counsel, Lavery Law, and files this Motion for Summary Judgment and in support thereof avers as follows:

1. This matter arises from a Complaint which was filed by Plaintiff, Joan Brenton, on or about January 17, 2017 (Doc.1) and which was subsequently amended by Plaintiff on or about June 29, 2017 (Doc.19).

2. By and through the Amended Complaint, the Plaintiff has asserted claims of violation of the Employee Retirement Income Security Act, 29 U.S.C. §1001 et seq., ("ERISA") in the nature of retaliation and discrimination under Section 510 and breach of fiduciary duty under Section 404 of ERISA.

3. The Defendant filed an Answer denying all material allegations of the Amended Complaint. (Doc. 21).

4. Simultaneously therewith, a Motion for Judgment on the Pleadings and Brief in support thereof were filed (Docs. 22 and 23) challenging whether the Plaintiff is eligible as a matter of law to recover monetary damages under the claims which have been asserted in this case.  This Motion remains pending.

5. At this time, discovery has come to a close.

6. Defendant hereby files a Motion for Summary Judgment seeking the dismissal of all claims asserted against it by Plaintiff.

7. Summary judgment is proper when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); Accord Saldana v. K-Mart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001).

8. A factual dispute is "material" if it might affect the outcome of the suit under the applicable law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

9. A factual dispute is "genuine" only if there is sufficient evidentiary basis which would allow a reasonable fact–finder to return a verdict for the non-moving party. Id. at 249.

10. Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the adverse party must produce

affirmative evidence, beyond the disputed allegations of the pleadings, in support of the claim. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

11. While all facts and inferences must be deemed in the light most favorable to the non-movant, Matsuhita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), the non-movant must supply sufficient evidence, and not mere allegations, from which a reasonable jury could find in its favor. Olson v. General Electric Astrospace, 101 F.3d 947, 951 (3d Cir. 1996).

12. In order for a plaintiff to establish an ERISA breach of fiduciary claim, a plaintiff must demonstrate that (1) a plan fiduciary; (2) breached an ERISA imposed duty; (3) causing a loss to the Plan. See, Delphi Beta Fund LLC v. Univest Bank and Trust Co., 2015 WL 1400838 (E.D. Pa) (internal citations omitted).

13. ERISA §404(a) identifies the "prudent man" standard of care for an ERISA fiduciary. It requires a fiduciary to discharge the duties with respect to a Plan solely in the interest of the Plan participants and beneficiaries of the Plan. See, 29 U.S.C. §1104(a)(1)(A), (B).

14. A threshold question when reviewing a breach of fiduciary duty claim under ERISA is whether the person was acting as a fiduciary when the alleged actions occurred. See, Pegram v. Herdrich, 530 U.S. 211, 226, 120

S.Ct. 2143, 147 L.Ed. 2d 164 (2000).

15. Plaintiff has alleged that the breach of fiduciary duty took the form of failing to provide Plan documents in a timely fashion in response to a request by the Plaintiff, making late contributions the Plaintiff's 403(B) Plan account, merging the Plaintiff's 403(B) Plan account with that of a former employee of the Center and by withdrawing money from the merged account in order to rectify the co-mingled funds. (See, Doc.19, ¶42).

16. In the instant matter, Plaintiff has failed to establish that the Center was a fiduciary and/or was performing a fiduciary action when the alleged breach occurred.

17. Moreover, Plaintiff has also failed to establish that the Plan sustained a loss as required to substantiate a claim for breach of fiduciary duty.

18. Rather, the Plan did not sustain a loss and, furthermore, Plaintiff's individual account also did not sustain a loss as demonstrated by the evidence of record.

19. Consequently, Plaintiff has failed to establish any facts which satisfy any of the three criteria necessary for a plaintiff to establish a breach of fiduciary claim under ERISA. Consequently, this claim must be dismissed.

20. It is well established that the standard presumptions and shifting burdens of proof used in employment discrimination cases are applicable in the context

of discrimination discharge cases under §510 of ERISA.  See, Kowalski v. L&F Products, 82 F.3d 1283 (3rd Cir.) (1996) (internal citations omitted).

21. In short, a plaintiff must first establish a prima facie claim of retaliatory discharge.  If the plaintiff satisfies this requirement then the defendant must articulate a legitimate non-discriminatory reason for the discharge.  To survive summary judgment in such a circumstance, a plaintiff must point to some evidence from which a fact finder can either disbelieve the employer's articulated legitimate reason or to believe that the individual's discriminatory reason was more likely than not for the discharge.  Id.

22. In this matter, the Plaintiff has alleged that she was terminated from her employment due to her alleged engagement in ERISA protected activities.

23. However, the record in this case clearly establishes that the Defendant has provided credible evidence that the reason for the discharge was a reorganization of the Development Department in which the Plaintiff was employed.

24. The record is devoid of any evidence which disproves or otherwise draws into question the legitimacy of Defendant's evidence explaining the separation of the employment.

25. Rather, it is indisputable from the facts of the record that the Development Department was reorganized due to its failure to meet its annual fundraising

goals on an ongoing basis, the need to add additional staffing in another Department of the Center which was experiencing significant growth, and the implementation of a new database system in the Development Department which was designed to increase the efficiency of the Department.

26. The reorganization involved the consolidation of the position previously held by the Plaintiff with the position of another individual within the Department.

27. Ultimately, both the Plaintiff as well as the other impacted employee were separated from their employment.

28. The Plaintiff was not selected to serve in the newly consolidated position due to concerns regarding whether she had the skills and experience necessary to perform the duties of that position.

29. Specifically, there were concerns regarding Plaintiff's lack of experience with database management and whether she would be able to perform the administrative and clerical functions of the position as these duties had been performed by the other employee.

30. Accordingly, Plaintiff has failed to establish a prima facie case of retaliation as a matter of law.

31. Consequently, Plaintiff's retaliation claim must be dismissed.

32. As previously indicated, Defendant previously filed a Motion for Judgment on the Pleadings challenging whether the Plaintiff was eligible to recover as a matter of law monetary damages under the claims asserted in this action.

33. Defendant hereby incorporates by reference its Motion and Brief filed in support of that Motion for Judgment on the Pleadings.

WHEREFORE, based on the foregoing reasons, Defendant hereby requests that this Honorable Court grant its Motion for Summary Judgment.

Respectfully submitted,

Lavery Law

By: __S/Frank J. Lavery, Jr._____
    Frank J. Lavery, Jr., Esquire
    Atty. No. PA 42370
    Sunshine J. Thomas, Esquire
    Atty. No. PA 200130
    225 Market Street, Suite 304
    P.O. Box 1245
    Harrisburg, PA 17108-1245
    (717) 233-6633 (telephone)
    (717) 233-7003 (facsimile)
    flavery@laverylaw.com
    sthomas@laverylaw.com
    Attys for Defendant

DATE: 11/28/17

## **CERTIFICATE OF SERVICE**

I, Aimee L. Paukovits, an employee with the law firm of Lavery Law, do hereby certify that on this 28th day of November, 2017, I served a true and correct copy of the foregoing Motion for Summary Judgment via U.S. the Court's ECF System as follows:

Cynthia R. Vullo, Esquire
179 South Wyoming Avenue
Kingston, PA  18704
cvullo@kmvglaw.com

        s/Aimee L. Paukovits
        Aimee L. Paukovits, Legal Assistant to
        Sunshine J. Thomas, Esquire and Frank J.
        Lavery, Jr., Esquire