# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| JOAN P. BRENTON | : | |
| --- | --- | --- |
| Plaintiff | : | CIVIL ACTION NO. 3:17-89 |
| v. | : | (JUDGE MANNION) |
| F.M. KIRBY CENTER FOR THE PERFORMING ARTS | : | |
| | : | |
| Defendant | : | |
| | : | |

## MEMORANDUM

Presently before the court is the plaintiff Joan P. Brenton's ("Brenton") motion for reconsideration, (Doc. 47), of this court's January 30, 2019 memorandum and order, (Doc. 44; Doc. 45), which granted summary judgment in favor of the defendant F.M. Kirby Center for the Performing Arts ("Kirby"). Based on the following, Brenton's motion for reconsideration, (Doc. 47), will be **GRANTED**; the Clerk of Court will be directed to **REOPEN THE CASE**; and Count I of the amended complaint, (Doc. 19), will be **REINSTATED**.

### I. BACKGROUND

Since the court set forth the factual background of this case in its January 30, 2019 memorandum, it need not repeat it here. Pertinent here, on

June 29, 2017, Brenton filed a two-count amended complaint, alleging violations of the Employment Retirement Income and Security Act ("ERISA"). (Doc. 19). On November 28, 2017, Kirby filed a motion for summary judgment. (Doc. 29). On January 30, 2019, this court granted summary judgment in favor of Kirby on both counts. (Doc. 45). On February 26, 2019, Brenton filed the present motion for reconsideration, (Doc. 47), and a brief in support, (Doc. 48). On April 11, 2019, Kirby filed a brief in opposition, (Doc. 51). The matter is now ripe for this court's review.

## II. LEGAL STANDARD

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Howard Hess Dental Labs. Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (internal quotation marks omitted); *see also Chesapeake Appalachia, LLC v. Scott Petroleum, LLC*, 73 F.Supp.3d 488, 491 (M.D.Pa. 2014) (Generally, reconsideration

motions should be granted sparingly.). "The standard for granting a motion for reconsideration is a stringent one . . . . [A] mere disagreement with the court does not translate into a clear error of law." *Chesapeake Appalachia*, 73 F.Supp.3d at 491 (quoting *Mpala v. Smith*, No. 3:CV-06-841, 2007 WL 136750, at *2 (M.D.Pa. Jan. 16, 2007), *aff'd*, 241 Fed.App'x 3 (3d Cir. 2007)).

### III. DISCUSSION

The plain language of §510 of ERISA provides "a cause of action for employees who have been discharged 'for exercising any right' to which employees are entitled to under an ERISA-protected benefit plan." *Kowalski v. L & F Products*, 82 F.3d 1283, 1287 (3d Cir. 1996). However, "Section 510 also goes further, protecting employees from interference with the attainment of any right to which [the employees] may become entitled." *Id.* (internal quotation marks omitted). In interpreting §510, the Third Circuit has clarified that "there is [ ] no limiting language in §510 that suggest that only future benefits are protected." *Id.* at 1287. This means that there are two distinct causes of action under §510 of ERISA: (1) retaliatory discharge; and (2) interference. See *Kowalski*, 82 F.3d at 1287. Each of these causes of action has a unique standard for a plaintiff to establish a *prima facie* case.

In its January 30, 2019 memorandum, the court interpreted Brenton's Count I §501 claim as a claim for interference with her attainment of ERISA

benefits. In her motion for reconsideration, Brenton contends that her §501 claim was, in fact, one for retaliatory discharge for exercising her rights under ERISA. Thus, in analyzing her claim, Brenton argues that the court incorrectly required her to show proof of specific intent to interfere with the attainment of a right to which she may become entitled in the future. Instead, Brenton contends the court should have applied the ERISA retaliation standard set forth in *Smith v. W. Manheim Twp.*, No. 1:11-CV-778, 2011 WL 5117618 (M.D.Pa. Oct. 25, 2011).

In *Smith*, the plaintiff brought both an ERISA interference claim and an ERISA retaliatory discharge claim. With regard to the ERISA interference claim, the court applied the following standard:

> A plaintiff can establish a *prima facie* claim of ERISA interference by demonstrating that: (1) prohibited employer conduct (2) taken for the purpose of interfering (3) with the attainment of any right to which the employee may become entitled. To demonstrate that an employer took action for the purposes of interfering with an ERISA right, a plaintiff must show the employer had specific intent to violate ERISA.

*Id.* at *2 (internal quotation marks and citations omitted).

In contrast, with regard to the ERISA retaliation claim, the court applied the following standard:

> A plaintiff establishes a *prima facie* [case] of retaliatory discharge pursuant to §510 of ERISA by demonstrating that: (1) he or she participated in a

- 4 -

statutorily protected activity; (2) he or she was subject to an adverse employment action; and (3) there is a causal connection between the participation and the adverse action. The causal connection can be demonstrated through proof of either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern or antagonism coupled with timing to establish a causal link.

*Id.* at *3 (internal quotations marks and citations omitted).

Upon review of the second amended complaint, the court agrees that Brenton's Count I §510 claim was one for retaliatory discharge, and not for interference, as this court originally interpreted it. Therefore, the court will re-analyze this claim in the context of Kirby's motion for summary judgment, (Doc. 29), under the standard for retaliatory discharge set forth in *Smith*.

As stated above, in a case for retaliatory discharge under §510 of ERISA, a plaintiff establishes a *prima facie* case by demonstrating that (1) he or she participated in a statutorily protected activity; (2) he or she was subject to an adverse employment action; and (3) there is a causal connection between the participation and the adverse action. *Bowen v. Nationwide Mut. Ins. Co.*, No. 1:19-cv-17, 2019 WL 4412805, *3 (M.D.Pa. Sept. 16, 2019) (*citing Smith*, 2011 WL 5117618, *4). "The causal connection can be demonstrated through proof of either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or

(2) a pattern of antagonism coupled with timing to establish a causal link." *Id.* (internal quotations marks omitted). In a claim for retaliatory discharge, there is no requirement that a plaintiff show specific intent to violate §510. Rather, all that is required is a casual connection. *Id.*

In reviewing the amended complaint, it is apparent that Brenton has established a *prima facie* case of retaliatory discharge under §510. She participated in a statutorily protected activity when she requested a detailed accounting of her 403(b) plan and when she participated in the investigation into improper deposits into her 403(b) account. Brenton was clearly subject to an adverse employment action when her department was reorganized and she was terminated as a result. Finally, as to the last prong, whether there is a causal connection between the two events, Brenton has demonstrated this via the unusually suggestive temporal proximity between them. Namely, the May 13, 2016 meeting in which Brenton was informed that her job was being eliminated occurred just eight days after the May 5, 2016 meeting in which she raised the issue that Kirby had frequently been late in making contributions to her account and that, consequently, she was likely owed interest on the late payments. Thus, Brenton has established a *prima facie* case of retaliation under §501. However, the inquiry does not end there.

Once a *prima facie* case under §510 is established, the burden then shifts to the defendant "to articulate a legitimate, non-discriminatory reason for the discharge." *Kowalski*, 82 F.3d at 1289. Here, Kirby has done so. Kirby states that Brenton's termination was the result of the reorganization of the development department, which was prompted by the director of the development announcing his retirement. Kirby asserts that during the search for the director's replacement, concerns arose that Kirby was paying too much in fixed costs in terms of payroll for the development department when compared to the funds raised by the department. Therefore, in reorganizing the underperforming development department, Kirby states that they decided to consolidate the two development department positions into one and conduct a search both internally and externally to fill the newly created position. Kirby contends that it ultimately did not select Brenton for the new position because she lacked the necessary database management skills that the position required. The court agrees that this constitutes a legitimate, non-discriminatory reason for Brenton's termination.

Once a defendant provides a legitimate, non-discriminatory reason for the adverse employment action, in order to survive a motion for summary judgment, the plaintiff must "point to some evidence, direct or circumstantial, from which a factfinder could either (1) disbelieve the employer's articulated

legitimate reasons; or (2) believe that an individual's discriminatory reason was more likely than not the reason for the discharge." *Id.*

Here, the court finds that Brenton has done so and that summary judgement is therefore inappropriate at this stage. Specifically, Brenton cites the fact that, after the reorganization of the development department, she was the only employee terminated and not offered an alternative position, since the only other employee in the department at the time of reorganization was offered a different clerical/administrative position at Kirby. Moreover, in her brief in opposition to Kirby's motion for summary judgment, (Doc. 38), Brenton lays out several additional reasons that could lead a factfinder to disbelieve Kirby's articulated reason for Brenton's termination. These include the fact that Brenton and the other development department employee were told that they would be provided the job description before it was posted. However, Brenton notes that this did not occur and, instead, the person ultimately selected for the new position was contacted and provided a link to the job description. Brenton also notes that Kirby had never previously eliminated any position under the then-chairman's tenure and that Kirby did not consider any alternatives to eliminating the development department positions, including, for example, eliminating the paid intern position. Finally, Brenton cites the fact that, in the past, when Kirby had a budget deficit, it would temporarily furlough

all employees or reduce their hours rather than targeting one individual or department for reorganization or termination.

Although these facts do not necessarily prove that Kirby's reason for terminating Brenton is pretextual, however, the court finds that they raise a genuine issue of material fact such that the entry of summary judgment is inappropriate at this time.

## IV. CONCLUSION

For the reasons set forth above, Brenton's motion for reconsideration, (Doc. 47), is **GRANTED**; the Clerk of Court will be directed to **REOPEN THE CASE**; and Count I of the second amended complaint, (Doc. 19), is **REINSTATED**. An appropriate order shall issue. Additionally, the court will schedule a date for the final pretrial conference and trial.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 26, 2020**
17-89-02